CELESTINO PABÓN, Plaintiff and Appellant, *v.* ANTONIO FÉLIX MARRERO, Defendant and Appellee.

No. R-62-220.        Decided November 25, 1964.

*Montilla & Benítez* for appellant. *E. L. Belén Trujillo* for appellee.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: Since 1953 plaintiff had leased a lot belonging to him to defendant. The leased lot, located in Puerto Nuevo, San Juan, was vacant, having no building whatsoever. The contract was a year-to-year lease and it was renewed annually. It is not clear whether the first leases were made in writing, but, in fact, during the latter

years a brief written contract was made. For example, the last contract, dated April 11, 1960, is a written contract consisting of one page.

The lessee operated a concrete-block, sand and gravel business on the leased lot and after several years he constructed a temporary zinc-roofed, block and frame structure. The last annual contract provides that upon expiration of the lease, the lessee could remove the structure on his own account without the lessor being bound to pay any compensation.

■ From the contract and the record it clearly appears that the contract was a short-term contract—year-to-year—and that both parties understood that at any time, upon expiration of any of said yearly extensions of the lease, the lessor might be interested in recovering the lot. On the dates on which said yearly contracts were made, the leased lots having no buildings of a permanent nature were not covered by the Reasonable Rents Act, although they were located in the urban zone and were devoted to commercial and industrial purposes. *Riera* v. *Super. Ct.; Adm'r Econ. Stab., Int.*, 79 P.R.R. 598, 603–604 (1956).[1]

On September 26, 1961 plaintiff notified defendant in writing that he did not want to renew the contract which was going to expire on October 11 of that year 1961 and that he intended to "permanently withdraw said property from the rental market to devote it to his own use." The lessor also requested the lessee in his letter to bring to date the payment of the rent, since he owed the rent for July and August, and September, 1961 was almost due.

---

[1] This year, under Act No. 67 of June 19, 1964, vacant lots were first included under the Reasonable Rents Act, Sess. Laws 1964, Equity ed. at p. 175; 17 L.P.R.A. § 184 *et seq.*, Supp. 1964; Journal of Proceedings 608, March 12, 1964; "Joint Report of the Juridical and Housing Committees of the House of Representatives on House Bill No. 687," Legislative Service of Puerto Rico 625–627 (1964).

■ The lessee did not vacate the lot and the lessor filed an unlawful detainer on May 28, 1962, eight months after his notice in writing. The hearing was held on August 1 of the same year. Plaintiff alleged that he had decided to permanently withdraw the property from the rental market to devote it to his own use. On his part defendant assumed the position that defendant lacked good faith. His testimony tended to show that the lessor requested the delivery of the lot because he (the lessee) had reported him to the Economic Stabilization Administration because almost every year the lessor increased the rental, and that the E.S.A. had reduced it substantially. The trial court supported defendant's position and dismissed the complaint.

Plaintiff-appellant assigns that the trial court "committed error in fact and in law in dismissing the complaint on the ground that plaintiff had not proved the good faith required in such cases."

As previously stated, on the date on which the action was filed and judgment was rendered, the vacant lots were not covered by the Reasonable Rents Act, and, therefore, the unlawful detainer was proper. Subsequent to the issuance of the writ of review Act No. 67 of June 19, 1964 was approved, which included the lots within the meaning of "rental property."[2] If it were decided that the amendment is applicable to a situation like the present one in this case, it would likewise be proper to decree the unlawful detainer, since the evidence clearly established the good faith.

The judgment appealed from will be reversed, and the complaint will be sustained.

---

[2] "Rental property" includes buildings, rooms, apartments, or any part thereof, irrespective of the use, and lots devoted to any purpose.